IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                                 CRIMINAL NO. 1:03cr117WJG-JMR-1

MIGUEL ANGEL RODRIGUEZ

O R D E R

  This cause comes before the Court on motion [26-1] of the Defendant, Miguel Angel Rodriguez, proceeding *pro se*, to modify the sentence imposed in this case.  It appears that Rodriguez is claiming that his sentence should be reduced because a citizen of the  United States of America [United States] would be released into a halfway house upon the completion of 90% of his prison term pursuant to 18 U.S.C. § 3624©).  The Court construes the motion as a motion to reduce sentence pursuant to 18 U.S.C. § 3582.

  Rodriguez pleaded guilty to a charge of importation of a controlled substance in violation of 21 U.S.C. § 952 on March 10, 2004.  (Ct. R., Doc. 19.)  The remaining count in the indictment was dismissed.  (*Id.*)  Prior to the sentencing, the United States filed a motion for downward departure because of substantial assistance under United States Sentencing Guidelines [U.S.S.G.] § 5K1.1.  (Ct. R., Doc. 20.)  Rodriguez was sentenced on June 2, 2004, to a term of imprisonment of 70 months, a 5 year term of supervised release, and a $100.00 special assessment.  (Ct. R., Doc. 22.)  That sentence included a downward departure.  (Ct. R., Doc. 23.)

  Rodriguez is asking for a reduction in sentence based on the fact that the Bureau of Prisons [BOP] deems him ineligible for certain benefits because of his status as a deportable

alien.  (Ct. R., Doc. 26, p. 1.)  Rodriguez claims he is entitled to relief based on 18 U.S.C. §§ 3553(b) and 3624(c).  (*Id.*)  He claims that his sentence should be reduced on two grounds:  first, that he is entitled to a downward departure because, as a result of his alien status, he is not eligible to serve his sentence in a halfway house or other community custody program; second, that he is entitled to a reduction in his sentence because of his willingness to depart the United States upon the completion of his sentence.  (Ct. R., Doc. 26, pp. 3, 5.)

> Under 18 U.S.C. § 3624©):
>
> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 *per centum* of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

It appears that Rodriguez claims that his constitutional rights have been violated because he is unable to participate in community-based drug treatment and early release under as outlined in 18 U.S.C. § 3621 based on his status as a detainee of the Immigration and Naturalization Service [INS].  (Ct. R., Doc. 26, pp. 1-3.)  INS detainees are not eligible for the sentence reduction and prisoners with a "deportable alien" public safety factor are not eligible for the community-based portion of the drug-abuse treatment program that is a prerequisite for early release. 28 C.F.R. §§ 550.58(a)(1)(i),550.58(a)(1)(v) and (a)(3)(I); *see also* BOP Program Statement 7310.04.

According to documents submitted with his motion to reduce sentence, Rodriguez was classified as not being eligible for pre-release, due to his citizenship and possible deportation status.  (Ct. R., Doc. 26, Program Review Report); *see United States v. Restrepo,* 999 F.2d 640,

642 (2d Cir. 1993) (deportable alien is a "Public Security Factor" under Bureau of Prison Guidelines and thus not entitled to pre-release, *citing* BOP, Program Statement 5100.4: Security Designation & Custody Classification Manual 7 (1992)); *see also Lartey v. U.S. Dep't of Justice,* 790 F. Supp. 130 (W.D. La. 1992).

Any constitutional claims raised by Rodriguez fail because 18 U.S.C. § 3621 creates no constitutionally protected liberty interest in early release for completion of drug-abuse treatment. *Rublee v. Fleming,* 160 F.3d 213, 214 (5th Cir. 1998); *see also Wottlin v. Fleming,* 136 F.3d 1032, 1037 (5th Cir. 1998) (early release not a "fundamental right") and because he does not show that he is being treated differently from similarly situated persons or that the restrictions on community-based treatment or early release are irrational. *See Samaad v. City of Dallas,* 940 F.2d 925 (5th Cir. 1991); *Rublee,* 160 F.3d at 214, 217 (flight risk is rational basis for ineligibility for community-based programs. Although post-conviction rehabilitative efforts can serve as a basis for a downward departure under U.S.S.G. § 5K2.0, such efforts must be undertaken prior to sentencing. *See United States v. Perkins,* No. 3-97-CR-222-G, 2002 WL 31802712 at *1 (N.D. Tex. Dec.11, 2002) (Fish, C.J.), *citing* U.S.S.G. § 5K2.19 (policy statement).

Most importantly, the Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582©). *United States v. Bridges,* 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the BOP moves the Court to modify the sentence for reasons outlined in section 3582©)(1); (2) under Federal Rule of Criminal Procedure 35 (on the United States' motion due to substantial assistance or to correct a clerical mistake within seven days of the date

the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements.  *See* § 3582©). Rodriguez has not asserted grounds for modification that fall into any of the categories above. The Court concludes that Rule 35 does not confer authority upon the Court to reconsider Rodriguez's sentence.

Rodriguez also argues that he was entitled to a one-level downward departure, pursuant to U.S.S.G. § 5K2.0 because of his to consent to deportation.  To qualify for a departure under section 5K2.0 for consenting to deportation, certain aspects of the case must be found unusual enough so that the case falls outside the heartland of cases in the U.S.S.G.  *Koon v. United States*, 518 U.S. 81, 96 (1996).  Here, the Defendant has made no such showing in regard to his alleged consent to deportation.  The Court finds no evidence in the record where he indicated that he had consented to being deported prior to its mention in this motion.  Consequently, the fact that he now consents to deportation does not overcome his initial failure to consent in his plea agreement, and any application for a downward departure under section 52K.0 must be denied on that basis alone.

In addition, Rodriguez entered a negotiated plea of guilty pursuant to a plea agreement which contained an unambiguous waiver of his right to appeal the conviction/sentence or contest the conviction/sentence in any post-conviction proceeding.  (Ct. R., Doc. 29, pp. 3-4.)  A defendant may, as part of a plea agreement, waive the right to appeal, *United States v. Cuevas-Andrade,* 232 F.3d 440, 446 (5th Cir. 2000) (citing *United States v. Melancon*, 972 F.2d 566 (5th Cir. 1992)), and the right to seek post-conviction relief.  *United States v. Wilkes,* 20 F.3d 651, 653-4 (5th Cir. 1994).  Rodriguez does not contest the validity of the waiver, therefore, the Court

finds that he waived his right to file this motion.  The Court concludes that the motion to reconsider sentence should be denied.  It is therefore,

ORDERED AND ADJUDGED that Rodriguez's motion [26-1] to modify the sentence imposed in this case be, and is hereby, denied.

SO ORDERED AND ADJUDGED this the 6th day of August, 2006.


                                      *Walter J. Gex III*
                              UNITED STATES SENIOR DISTRICT JUDGE